JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

KIMBERLY M. BRIGGS (CSBN 132043)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3695

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>ERICKA CHAVEZ,<br>    Defendant. | No. CR-06-00607-01 DLJ<br>    CR-07-00552-01 DLJ<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

The government respectfully recommends that the Court sentence the defendant pursuant to the 11(c)(1)(C) plea agreement wherein the parties agreed that the defendant would be sentenced to the mandatory minimum sentence of 10 years in docket number CR 06-00607-01 DLJ, with an additional 30-day sentence to run consecutively for the violation of supervised release in CR 07-00552-01 DLJ.[1] The government and the defendant worked out this agreement after extended negotiations, the results of which were conveyed to Ms. Chavez during a last-minute settlement conference conducted, at the request of both parties, by Magistrate Judge

---

[1] As noted in the addendum to the presentence report, the government did not submit an initial response to the presentence report. Generally, undersigned counsel only submits a response if there is a disagreement with defense counsel. Here, there is no such disagreement between the parties.

GOV'T SENT. MEMO.

Wayne Brazil. The contemplated sentence offered to the defendant in the settlement conference was the agreement listed above. In the government's opinion, to deny Ms. Chavez the benefit of this bargain at this point would be unconscionable.

Ms. Chavez pled to count three of the indictment, wherein she sold 436.3 grams of actual methamphetamine to an informant. Under U.S.S.G. §2D1.1, the base offense level for this amount is **Level 34**.[2] With a three point reduction for being truthful, her total offense level is Level 31. Her Criminal History is IV. The guideline range based on these calculations is 151 to 188 months. The government contends that the agreed-upon sentence of 120 months, plus 30 days to be served consecutively for the supervised release violation, will satisfy the concerns of the government, the probation department and this Court.

On page 2 of the Sentencing Recommendation, the probation officer notes that he hasn't had an opportunity to interview Ms. Chavez. The government does not know why this is the case, except to the extent that defense counsel has been in a series of back-to-back trials in various parts of the state. The government represents that it has debriefed the defendant thoroughly. Both government counsel and DEA Special Agent Ezra Carbins found Ms. Chavez to be forthright. All parties had hoped that perhaps the government would be able to seek a motion under Rule 5K1.1 based upon information that she provided. Unfortunately, the information provided was minimal, at best, and did not rise to the level of a 5K1.1. However, the government firmly believes that Ms. Chavez should benefit from her candor with the government, therefore should be sentenced below the guidelines.

Fortunately this Court can sentence her below the guidelines. On appeal, the reviewing court will look to see whether a district court's sentencing was reasonable. United States v. Corona-Verbena, 509 F.3d 1105, 1119 (9th Cir. 2007), citing Rita v. United States, 127 S.Ct. 2456, 2459 (2007). The sentence needs to comply with the principals of sentencing set forth in

---

[2] The plea agreement incorrectly set the base offense level at **Level 36**. **Level 34** is the correct level for 436.3 grams of actual methamphetamine. In any event, the Probation Officer found the base offense level to be **Level 34.**

GOV'T SENT. MEMO.                               -2-

Title 18 U.S.C. 3553(a).[3] Our negotiated disposition does comply with these factors.

In the last section of paragraph 34, the Probation Officer says that Ms. Chavez never reported to any U.S. Probation Office and a warrant was issued for her arrest based on this offense. To be clear, the defendant had reported to the Probation Office regarding her Arizona case (where she was found to be a minor participant - she rented two vehicles for use in delivering methamphetamine), but not about the California case, as she was detained by federal authorities in California upon her arrest.

On page 8, in paragraph 41: the government notes that according to Ms. Chavez, her mother is deceased.

## CONCLUSION

The government respectfully requests that the defendant be sentenced in accordance with the be sentenced according to the plea agreement.

Respectfully submitted,

JOSEPH RUSSONIELLO
United States Attorney

Dated: 4/14/08

KIMBERLY M. BRIGGS
Assistant United States Attorney

---

[3] (1) the nature and the circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to imposed to (a) reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and, (d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kind of sentences available; (4) the kinds of sentence and sentencing range set forth in the guidelines; (5) the policy statements set forth in the guidelines; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and, (7) the need to provide restitution to any victims of the offense.

GOV'T SENT. MEMO.                    -3-